## Switzer, Special Admr., etc., v. Kee.

1. *Implied Contract to Pay for Services Rendered.*—Where an aged woman, helpless from age and disease, and in need of assistance and nursing, is, with her consent, taken to the house of her son for such care and treatment as she required, *it was held*, that while she may not have been fully competent to make a contract involving details, she evidently understood that the services she was to receive would not be gratuitous, and a judgment for $1,200 was sustained.

Memorandum.—Claim against the estate of a deceased person for services. Appeal from a judgment in favor of the claimant rendered by the Circuit Court of McDonough County, on appeal from the Probate Court; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the case.

### APPELLANT'S BRIEF.

Where support is furnished by parent to child or child to parent, there can be no recovery for services or support unless an express promise to pay is shown. Faloon v. McIntyre, 118 Ill. 292; Leidig v. Coover's Ex'rs, 47 Pa. St. 534; 2 Beas. (N. J.) 141.

Where the relationship of parent and child exists, the law presumes there is no contract to pay for support or services. Miller v. Miller, 16 Ill. 295; Brush v. Blanchard, 18 Ill. 46; Meyer v. Temme, 72 Ill. 574; Griffin v. First National Bank of Morrison, 74 Ill. 259; Patterson v. Collar, 31 Ill. App. 340.

The ordinary expressions of gratitude and statements of a desire to pay for services can not be construed into a contract. Hall v. Finch, 29 Wis. 278; Duffey et al. v. Duffey, 44 Pa. St. 402; Sculley v. Sculley's Executors, 28 Iowa, 548; Coe v. Wagner, 42 Mich. 49; Williams v. Hutchinson, 3 N. Y. 312.

The condition of the mind of the person supported, can not be shown for the purpose of proving a contract. Peck v. McKean, 45 Iowa, 18; Smith v. Johnson, 45 Iowa, 308.

If a person expects to receive compensation from one source he can not afterward claim it from another. Hedrick v. Wagoner, 8 Jones (N. C.) 360; Everett v. Walker (N. C.) 13 S. E. Rep. 860.

Where the wife labors for another person with the husband's assent she is absolutely entitled to receive and hold the wages from such labor. Hazelbaker v. Goodfellow, 64 Ill. 238; Kase v. Painter, 77 Ill. 543.

AGNEW & VOSE, attorneys for appellant.

### APPELLEE'S BRIEF.

A contract by a parent to pay for services rendered by a child may be implied from circumstances. Fruitt v. Anderson, 12 Brad. 421; Miller v. Miller, 16 Ill. 296; Martin v. Wright's Adm., 13 Wend. 460; McGarvey v. Rood's Adm. (Iowa), 35 N. W. Rep. 488; Scully v. Scully, Ex'rs. 28 Iowa, 548; Cowan v. Musgrave, Ex'r, 35 N. W Rep. (Iowa) 496.

Insane persons are liable for necessaries furnished them. La Rue v. Gilkyson, 4 Pa. St., 375. A child may recover for necessaries furnished insane parent under implied contract. Fruitt v. Anderson, 12 Brad. 421; Reando v. Misplay, 90 Mo. 251; Broderick v. Broderick, 28 W. Va. 378; Brock v. Cox, 38 Mo. App. 40. If a wife performs services merely as helpmate and assistant to husband in his business or about his affairs, the husband is entitled to receive the pay therefor. Flynn v. Gardner, 3 Brad. 253; Cunningham v. Hanncy et al., 12 Brad. 437.

BAILY & HOLLY, attorneys for appellee.

### OPINION OF THE COURT.

The appellee filed a claim against the estate of Mary Kee, deceased, for services rendered in taking care of the decedent, during the last two or three years of her life.

The case was removed by appeal to the Circuit Court where the issue was submitted to a jury resulting in a verdict in favor of the claimant for $1,200.

Switzer v. Kee.

The court refused a new trial and rendered judgment on the verdict.

The claimant was the son of the deceased and the services were rendered while she was in his house.

For a long time after the death of her husband, she remained with a granddaughter on the homestead. Becoming quite feeble and helpless from age and disease she needed a great deal of assistance and nursing, which was rendered by her children and other persons living in the neighborhood. Finally, it was suggested to her and to the claimant, by the attending physician, that a better, and indeed, a necessary arrangement would be, that she should be taken to the house of the claimant for such care and treatment as she required. With some reluctance she agreed to go, seeing it was necessary that some better provision should be made, and that, as her infirmities were increasing, she could no longer have suitable attention while remaining in her own house. She fully understood the matter, and while nothing was said as to the terms, and while she was perhaps not fully competent at all times to make a contract involving details, she evidently understood that the services she was to receive would not be gratuitous, and it is quite as clear the claimant expected to be paid. We do not care to quote the evidence on this point but we are persuaded there is enough in it to warrant the jury in finding that there was an expectation on both sides that the claimant should have proper compensation.

Certainly she was not residing with her son as a member of his family in the ordinary sense of the term.

While she was able to take care of herself and long after, she preferred to stay in her own home—and when she went to her son's it was for the express purpose to be cared for as an invalid and for no other.

Her illness was protracted and distressing and she required attentions involving great sacrifice of time and comfort on the part of her son and his wife. They attended to her personally and employed male and female help to take their places as far as necessary in the duties of the household and farm.

The amount allowed by the jury is quite within the range of the proof and, upon the merits, we think the verdict was right.

We find no substantial error in the rulings of the court upon the trial and are of opinion the judgment should be affirmed, which is done.